The BUSINESS OFFICE INC., a New Jersey corporation, on behalf of itself and as a representative of others similarly situated, Plaintiff–counter–defendant—Appellant,

v.

B. Thomas GOLISANO; et al., Defendants—Appellees,

Rapid Payroll, Inc., a California corporation; et al., Defendants–counter–claimants—Appellees.

The Business Office Inc., a New Jersey corporation, on behalf of itself and as a representative of others similarly situated, Plaintiff–counter–defendant—Appellee,

v.

B. Thomas Golisano; et al., Defendants,

Paychex, Inc., a Delaware corporation, Defendant–counter–claimant,

and

Rapid Payroll, Inc., a California corporation, Defendant–counter–claimant—Appellant.

Nos. 05–55452, 05–55527.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2008.*

Filed April 18, 2008.

---

* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Timothy W. Bergin, Esq., Richard Schwartzman, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Washington, DC, for Plaintiff–counter–defendant–Appellant.

Heather M. Freelin, Esq., Irell & Manella, Newport Beach, CA, Morgan Chu, Esq., Brian J. Hennigan, Esq., Irell & Manella, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

The Business Office, Inc. appeals the district court's grant of partial summary judgment against it, which resulted in the dismissal of a number of its claims. Rapid Payroll, Inc. cross-appeals the district court's judgment against it.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A grant of summary judgment by a district court under Federal Rule of Civil Procedure 56 is reviewed de novo. *James River Ins. Co. v. Hebert Schenck, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

■ We agree with The Business Office that the district court should not have granted summary judgment against it with respect to its claim of tortious interference with contractual relations. As to this, we reverse and remand for further proceedings. The Business Office came forward with sufficient evidence from which a trier of fact could conclude that the Paychex defendants acted for improper reasons and not to protect its legitimate interests. *See Accuchex Corp. v. Paychex, Inc.*, No. B 183920, 2006 WL 2280182, at *6 (Cal.Ct. App. Aug. 9, 2006).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**580**

The Business Office further argues that the district court erred in granting Rapid Payroll, Paychex, Golisano and Turek partial summary judgment on its interference with prospective economic advantage claim. We disagree. The tort of intentional interference with prospective economic advantage requires a showing "that the defendant engaged in conduct that was wrongful by some legal measure other than the fact of interference itself. . . ." *CrossTalk Prods., Inc. v. Jacobson,* 65 Cal.App.4th 631, 76 Cal.Rptr.2d 615, 624 (1998) (internal quotation marks omitted). The Business Office failed to prove a claim under Section 1 of the Sherman Act, *see Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 776–77, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), and has waived its claims under the FTCA, Section 2 of the Sherman Act, and Section 7 of the Clayton Act by not raising them before the district court, *see BankAmerica Pension Plan v. McMath,* 206 F.3d 821, 825–26 (9th Cir.2000). The Business Office's claim under California's Unfair Competition Law is unavailing. *See* Cal. Bus. & Prof.Code § 17200.

The Business Office also contends that the district court erred in granting partial summary judgment with respect to the claims premised on the supposed contractual requirement to furnish the 32–bit software. Again, we disagree. The contract between The Business Office and Rapid Payroll is an integrated agreement, *Alling v. Universal Mfg. Corp.,* 5 Cal. App.4th 1412, 7 Cal.Rptr.2d 718, 731–32 (1992), not "reasonably susceptible of an interpretation supported by extrinsic evidence" other than that conveyed by the words on the page, *Fremont Indem. Co. v. Fremont General Corp.,* 148 Cal.App.4th 97, 55 Cal.Rptr.3d 621, 633 (2007); *see* Cal. Civ. Proc. § 1856(a). The district court correctly ruled that the unambiguous language of the contract did not require the defendants to furnish the new 32–bit pro-

gram. The court was likewise correct in ruling that there was no breach of the implied covenant of good faith and fair dealing. *See Racine & Laramie, Ltd. v. California Dept. of Parks & Recreation,* 11 Cal.App.4th 1026, 14 Cal.Rptr.2d 335, 338 (1993).

The Business Office also argues that the district court erred in granting partial summary judgment to Rapid Payroll, upholding the validity of the limitation of damages provision in the contract. We affirm this ruling. California law permits such limitations. Cal. Com.Code §§ 2719(1), (3). Furthermore, the provision at issue here does not "fail of its essential purpose," nor is it unconscionable. Cal. Com.Code §§ 2719(2), (3); *see Bruni v. Didion,* 160 Cal.App.4th 1272, 73 Cal.Rptr.3d 395, 409 (2008). The Business Office's California Civil Code Section 1668 (contracts contrary to policy) argument also fails given the facts before us.

Finally, we reverse the district court's judgment against Rapid Payroll in the amount of $155,259.80 plus other license fees. Because there is no liquidated damages provision in the contract, The Business Office should have been required to prove the amount of its damages caused by Rapid Payroll's breach of the license agreement. We remand for further proceedings consistent with this memorandum.

Each party to bear its own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**